IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT SHROYER,

    Plaintiff,

vs.                                                            No. CIV 23-0582 JB/GJF

BOARD OF COUNTY COMMISSIONERS,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following the Plaintiff's failure to prosecute his pro se Civil Complaint, filed May 30, 2023 (Doc. 1-1)("Complaint"). The Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Plaintiff Robert Shroyer to update his address or to show cause why the Court should not dismiss the Complaint for severing contact with the Court. See Order to Show Cause, filed January 10, 2024 (Doc. 7)("OSC"). Because Shroyer has not complied with the OSC, and having reviewed applicable law and the record, the Court will dismiss the Complaint without prejudice.

## BACKGROUND

Shroyer commenced this case while detained at the Metropolitan Detention Center ("MDC") in Albuquerque, New Mexico. See Complaint ¶ 1, at 1. The Complaint alleges that MDC medical staff administered a defective insulin injection to Shroyer, which caused him to feel ill for five days. See Complaint at 1. The Complaint seeks damages from the Defendant Board of County Commissions of Bernalillo County for cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States. See Complaint ¶ 2, at 1.

Shroyer originally filed the Complaint in Second Judicial District Court, Bernalillo County, State of New Mexico. See Complaint at 1. Bernalillo County then removed the Complaint to the Court and filed a Motion to Dismiss in Lieu of an Answer. See Notice of Removal, filed July 12, 2023 (Doc. 1); County Defendant's Motion to Dismiss in Lieu of an Answer, filed July 19, 2023 (Doc. 3)("Motion to Dismiss"). The Court referred the matter to Magistrate Judge Fouratt for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, entered July 13, 2023 (Doc. 2).

After Shroyer filed this case, MDC returned several mailings as undeliverable with the notation "Not in Custody." Returned Mailing Envelope, filed July 28, 2023 (Doc. 4); Returned Mailing Envelope, filed July 28, 2023 (Doc. 5). Shroyer did not notify the Clerk of Court regarding his current address, as D.N.M. Local Civil Rule 83.6 requires. D.N.M. LR-Civ. 83.6 provides: "All . . . parties appearing pro se have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing addresses." D.N.M. LR-Civ. 83.6. Accordingly, Magistrate Judge Fouratt fixed a deadline of February 9, 2024, for Shroyer to notify the Clerk of Court of his new address or show cause why this action should not be dismissed. See OSC at 1. The OSC warned that the failure timely to comply could result in dismissal of this case without further notice. See OSC at 1.

Shroyer did not update his address by the deadline, show cause for such failure, or otherwise respond to the OSC. MDC again returned the OSC as undeliverable with the notation: "Not in Custody." Returned Mailing Envelope, filed January 23, 2024 (Doc. 8). The Court therefore will consider whether to dismiss this matter for lack of prosecution and for failure to comply with rules and orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.").  As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy[, the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal

of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162 (citing Olsen v. Mapes, 333 F.3d at 1204).

Here, Shroyer is no longer in custody at his address of record. He has not provided an updated address, as the OSC and D.N.M. LR-Civ. 83.6 require. In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute. See Olsen v. Mapes, 333 F.3d at 1204. After considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, the dismissal will be without prejudice. The Court also will deny the Defendant's Motion to Dismiss, which is now moot.

**IT IS ORDERED** that: (i) the Plaintiff's Civil Complaint, filed May 30, 2023 (Doc. 1-1), is dismissed without prejudice; (ii) the County Defendant's Motion to Dismiss in Lieu of an Answer, filed July 19, 2023 (Doc. 3), is denied as moot; and (iii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Robert Shroyer
Albuquerque, New Mexico
*Plaintiff pro se*